*J. E. Fogle, for appellant. Townsend & Massie, for appellees.*

———————

JAMES M. SHEPHERD, ET AL., *v.* POLLY SHARP, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—418.]

**Tenant by the Curtesy.**

A tenant by the curtesy has the right to hold the land until his death, and the manner of his holding cannot affect the rights of his children by his first wife, who take the land at his death.

**Report of Commissioners in Partition.**

> Where the wife owns an interest in land, and the commissioners in partition in their report say that they have allotted to her husband and herself a certain part of the land, no title is conferred on the husband to any part of such land other than such as he could assert as husband.

### APPEAL FROM ADAIR CIRCUIT COURT.

### November 23, 1880.

OPINION BY JUDGE PRYOR:

There never was any conveyance made of the land in controversy to Job Sharp. He was tenant by the curtesy and had the right to hold the land until his death, and the manner of the holding cannot affect the rights of his children by his first wife.

The commissioners appointed to divide the land between the heirs of Hood in their report say they have allotted to Sharp and wife a certain part of the land. This did not confer upon Sharp any title other than such as he could assert as husband. The heirs, it seems, after the division made by the commissioners, met for the purpose of executing conveyances or to pass the title to each heir's parcel in one deed.

This conveyance purports to be a conveyance between the heirs of Jesse Hood for the purpose of completing the partition made by the commissioner and of perfecting the title. The conveyance reads: "This indenture made this the 18th of September, 1841, by and between the heirs of Jesse Hood, deceased, viz.: Job Sharp and Margaret, his wife, late Margaret Hood, Patsey Murray, John Hood, Joel Hood, etc." The deed then describes the parcel allotted to each heir and says: "They (the commissioners) allotted to said Job Sharp and Margaret, his wife, containing 140 acres and bounded as follows," etc. After describing each heir's part, the deed concludes: "Now the parties to this deed for the purpose of carrying said division and allotment into effect in consideration of the premises, do hereby sell, transfer and convey the portions allotted to each of said heirs as above described to the person to whom said portion is allotted in said report to them and their heirs forever."

It was necessary that Job Sharp should unite with his wife in order to pass her title to the other heirs, and when they sell and convey the portions allotted to each of said heirs as above described to the person to whom said portion is allotted, they did not include or mean

to include Job Sharp as one of the heirs. They convey to the heirs, and if so, Job Sharp not being an heir, acquired no title. They also conveyed to the person to whom said portion was allotted, using the singular noun, and of course it applied to Mrs. Sharp, who was the heir, and not her husband.

The children by his first wife are the owners of this land and the court should have so adjudged. If their ancestor, Job Sharp has conveyed to them other lands in lieu of this that fact does not appear in the record.

Judgment *reversed* and cause remanded for further proceedings. Whether Mrs. Smith is the owner of the entire tract to the exclusion of Shepherd is not a question before us.

*J. R. Robinson, William Stewart, F. R. Winfrey, for appellant.*

*T. C. Winfrey, for appellees.*